**James D. BENNETT, Plaintiff–Appellee,**

v.

**AMERICAN MEDICAL RESPONSE, INC., a/b/n for Laidlaw Medical Transportation, Inc., Defendant–Appellant,**

and

**Bay Area Credit Service, Inc., Defendant.**

**James D. Bennett, Plaintiff–Appellee,**

v.

**Bay Area Credit Service, Inc., Defendant,**

and

**American Medical Response, Inc.; et al., Defendants–Appellants.**

Nos. 05–35475, 05–35495.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2007.

Filed March 27, 2007.

---

Nancy M. Bennett, Esq., Moulton, Bellingham, Longo and Mather, P.C., Billings, MT, for Plaintiff–Appellee.

W. Scott Green, Esq., Patricia D. Peterman, Esq., Patten, Peterman, Bekkedahl & Green, Billings, MT, for Defendant–Appellant.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM *

American Medical Response, Inc., ("AMR") appeals a default judgment imposed for violations of the Fair Debt Collection Practices Act ("FDCPA") and negligent collection practices. On appeal, AMR contends the district court (1) lacked jurisdiction; (2) erred in awarding $649,000 in punitive damages; and (3) erred in denying AMR's motion to set aside the default judgment.

### 1.

We review *de novo* the existence of subject matter jurisdiction. *See Coyle v. P.T. Garuda Indonesia,* 363 F.3d 979, 984 n. 7 (9th Cir.2004).

■ Because this case arises under federal law, we have jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Whether AMR was a debt collector within the meaning of 15 U.S.C. § 1692a is not a jurisdictional fact, but rather an element of Bennett's claim under the FDCPA. *See Arbaugh v. Y & H Corp.,* 546 U.S. 500, 126 S.Ct. 1235, 1244–45, 163 L.Ed.2d 1097 (2006). Here, Bennett alleged "a colorable claim 'arising under' " the FDCPA, *see id.* at 1244, and therefore the district court properly asserted federal question jurisdiction. Consequently, the district court possessed supplemental jurisdiction over Bennett's state law negligence and punitive damages claims. *See* 28 U.S.C. § 1367.

### 2.

We review a district court's decision to award punitive damages for abuse of discretion. *See Fair Hous. of Marin v. Combs,* 285 F.3d 899, 906–07 (9th Cir. 2002). Whether the amount of an award of punitive damages is unconstitutionally excessive, however, is reviewed *de novo. See Cooper Indus. v. Leatherman Tool Group, Inc.,* 532 U.S. 424, 435–36, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

Here, the district court awarded $649,000 in punitive damages under Montana Code Annotated section 27–1–221. On appeal, AMR contends: (1) the district court erred because there was no evidence of actual malice within the meaning of Montana Code Annotated section 27–1–221(2); (2) the district court failed to address section § 27–1–221(7)(b) mandatory statutory factors and failed to articulate evidence in support of the factors; and (3) the award was unconstitutionally excessive. Only AMR's third contention has merit.

■ Regarding "actual malice," upon default "the general rule is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Hous. of Marin,* 285 F.3d at 906; *see also* Fed. R.Civ.P. 8(d) (allegations not denied are deemed admitted). Here, Bennett alleged that "in pursuing their erroneous debt collection efforts against Plaintiff, the Defendants acted with actual malice, as defined by Mont.Code. Ann. § 27–1–221." Thus, "actual malice" was deemed true upon AMR's default and no further evidence of "actual malice" was required.

■ AMR correctly contends that Montana law requires specific findings of fact and conclusions of law be made when awarding punitive damages. *See* Mont. Code Ann. § 27–1–221(7)(b). Contrary to AMR's position, section 27–1–211(7)(b) does not require the district court "to articulate evidence in support of" its findings of fact. Here, Bennett's complaint alleged the details of Defendants' wrongful con-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

duct and further alleged that they acted with actual malice. Also, in support of his request for the court to determine a dollar amount of the judgment he was seeking, Bennett submitted additional evidentiary support for his claim that AMR acted with actual malice. On this record, the district court's finding that AMR's conduct was malicious within the meaning of Montana Code Section 27–1–221(2) was supported by clear and convincing evidence. Accordingly, we reject AMR's challenge to the finding of actual malice.

■ While the punitive damages award was therefore lawful under Montana law, its constitutionality is less clear. The Supreme Court has "instructed courts reviewing punitive damages to consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the ratio between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

The Supreme Court has held that the first guidepost, *i.e.,* the degree of reprehensibility of AMR's misconduct, is the most important factor in assessing the reasonableness of a punitive damages. *Id.* at 419, 123 S.Ct. 1513. Here, the reprehensibility of AMR's conduct is tempered by the fact that AMR's conduct did not demonstrate "an indifference to or a reckless disregard of the health or safety of others." *Id.* As in *State Farm,* AMR's conduct primarily risked emotional, as opposed to physical, harm.

As to the second guidepost, the Supreme Court has "been reluctant to identify concrete constitutional limits on the ratio between harm, or potential harm, to the

plaintiff and the punitive damages award." *Id.* at 424–25, 123 S.Ct. 1513. The Supreme Court, however, has stated "that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id.* Thus, in *State Farm* the Supreme Court overturned a $145 million punitive damages award, representing a 145:1 ratio, as unconstitutionally excessive. *Id.* at 429, 123 S.Ct. 1513.

Like the injury in *State Farm,* the injury in this case "arose from a transaction in the economic realm, not from some physical assault or trauma." *Id.* at 426, 123 S.Ct. 1513. The district court's award of $100,000 in compensatory damages is also analogous to the compensatory damages awarded in *State Farm* in that it was both substantial and represented full compensation. *Id.* at 425–26, 123 S.Ct. 1513. Finally, like the damages awarded in *State Farm,* the award of compensatory damages in this case was based in part on "emotional distress," a component that was duplicated in the punitive award. *Id.* at 426, 123 S.Ct. 1513.

The third *State Farm* guidepost also weighs in favor of reducing the punitive damages awarded by the district court. The parties have not identified any civil penalties that have been imposed in comparable Montana cases. AMR notes, however, that under the FDCPA, an award of damages may not exceed $1,000. *See* 15 U.S.C. § 1692k(a)(2)(A). Although the FDCPA provides for damages and not penalties, § 1692k(a)(2)(A) does provide some basis for comparison. Here, the $649,000 punitive damages award dwarfs the $1000 in statutory damages authorized by the FDCPA.

Applying the *State Farm* guideposts to this case, we conclude that the district court's award of $649,000 in punitive dam-

ages, a 6.49:1 ratio, was excessive. Accordingly, we reverse the district court's award of $649,000 in punitive damages and remand for consideration of a punitive damages award not exceeding a 4:1 ratio, *see State Farm*, 538 U.S. at 424–25, 123 S.Ct. 1513, punitive damages to compensatory damages.

**3.**

We review for abuse of discretion the denial of a motion to set aside a default judgment. *See Jeff D. v. Kempthorne*, 365 F.3d 844, 850 (9th Cir.2004). Here, our review of the record discloses no legal or factual basis for granting AMR's motion to set aside the default judgment.

For the foregoing reasons, we AFFIRM the district court's (1) exercise of federal question and supplemental jurisdiction, (2) award of compensatory damages, and (3) denial of AMR's Federal Rule of Civil Procedure 60(b) motion. The district court's award of punitive damages is REVERSED and this case is REMANDED for consideration of punitive damages not to exceed a 4:1 ratio of punitive damages to compensatory damages. The parties shall bear their own costs on appeal.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.